IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WALTER LAWRENCE KENNEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:23-CV-00509-MTT-CHW |
| | : | |
| GDC COMMISSIONER TYRONE OLIVER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

Presently pending before the Court are Plaintiff's objections (ECF No. 14) and his motion for reconsideration of the Court's May 13, 2024 Order and Judgment dismissing this action (ECF No. 15). For the following reasons, Plaintiff's motion (ECF No. 15) is **GRANTED,** the May 13, 2024 Order and Judgment (ECF Nos. 10, 11) are **VACATED**, and Plaintiff must recast his Complaint on the Court's standard form if he wants to proceed with this action. The pending Recommendation of the United States Magistrate Judge (ECF No. 8) may be **TERMINATED as moot**, and this case is **REMANDED** to the Magistrate Judge for proceedings consistent with the Court's prior order of referral (ECF No. 2).

### DISCUSSION

**I.  Procedural History**

Plaintiff filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 on December 19, 2023 (ECF No. 1). On March 22, 2024, the United States Magistrate Judge

recommended dismissal of Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e) because they failed to state a claim upon which relief may granted (ECF No. 8). The Court did not receive any objections to this Recommendation and thus reviewed it for clear error. Finding none, the Court adopted the Recommendation, dismissed Plaintiff's Complaint, and entered judgment on May 13, 2024 (ECF Nos. 10, 11). Two days later, however, the Court received Plaintiff's motion for an extension of time to file objections, which was dated April 10, 2024 (ECF No. 12). The Court granted Plaintiff's motion and directed Plaintiff to file objections no later than May 31, 2024 (ECF No. 13). Plaintiff filed his objections and the pending motion for reconsideration within that deadline (ECF Nos. 14, 15).

## II.    Motion for Reconsideration

Plaintiff filed his motion for reconsideration within 28 days of the entry of judgment. It is therefore construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *accord Mays*, 122 F.3d at 46 ("[W]here a party attempts

to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

In his motion for an extension of time, Plaintiff alleges that he did not receive the recommendation of dismissal until April 8, 2024. Mot. Ext. 1, ECF No. 12. He acted promptly for an extension of time, and he timely filed his objections and his motion. The docket corroborates Plaintiff's claims that there have been significant mail delays in this case. For example, Plaintiff's motion for an extension of time was postmarked April 18, 2024, but it was not received by the Court until May 15, 2024. Attach. 1 to Mot. Ext. 1, ECF No. 12-1. For these reasons, Plaintiff's motion for reconsideration (ECF No. 15) is **GRANTED,** and the Clerk is **ORDERED** to vacate the Order and Judgment in this case (ECF Nos. 10, 11).

### III.    Order to Recast and Remand

The allegations in Plaintiff's motion for reconsideration and his objections appear to address at least some of the deficiencies identified by the Magistrate Judge in his Recommendation, and they could therefore be liberally construed as amendments to the original Complaint. *See, e.g., Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam) (holding that district court should have construed additional factual allegations in plaintiff's objection to recommendation of dismissal as a motion to amend the complaint and granted it). To ensure these allegations are fully and efficiently addressed, Plaintiff is **ORDERED** to submit a single recast complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The

recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought

under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) Plaintiff's original Complaint (ECF No. 1). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form. The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. This case will be remanded to the Magistrate Judge for further proceedings consistent with the Court's order of referral (ECF No. 2), including

but not limited to the screening of Plaintiff's recast complaint pursuant to 28 U.S.C. § 1915A and § 1915(e).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 15) is **GRANTED**, the May 13, 2024 Order and Judgment (ECF Nos. 10, 11) are **VACATED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his recast complaint with the Clerk of Court as described above.  The Clerk is **DIRECTED** to (1) forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff that he should use to comply with this Order; (2) **REMAND** this case to the Magistrate Judge; and (3) **TERMINATE** the pending Report and Recommendation (ECF No. 8) as moot.  **If Plaintiff does not timely and fully comply with this Order, this action will likely be dismissed.**  Plaintiff must also notify the Court immediately in writing of any change in his mailing address.  There shall be no service of process in this case until further order of the Court.

**SO ORDERED** this 20th day of June, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT