# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WALTER LAWRENCE KENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-CV-509 (MTT) |
| ) | |
| Officer KITCHENS, ) | |
| ) | |
| Defendant. ) | |

United States Magistrate Judge Charles H. Weigle recommends granting defendant Kitchens' motion for judgment on the pleadings (ECF 42) and dismissing pro se plaintiff Walter Lawrence Kenney's complaint for failure to exhaust. ECF 48. Having received no objection, the Court entered an Order adopting the Recommendation on November 26, 2025. ECF 49. Judgment was entered that day. ECF 50. On December 1, 2025, the Court received Kenney's objection, which is dated November 26, 2025.[1] ECF 51. The next day, the Court received Kenney's motion for extension of time to object, which is dated November 10, 2025.[2] ECF 52. Because Kenney timely moved for an extension to object, and promptly filed his objection, the Court **VACATES** its prior Order (ECF 49). Pursuant to 28 U.S.C. § 636(b)(1), the Court now reviews the Magistrate Judge's Recommendation (Doc. 48) de novo.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Kenney's motion for an extension of time to object (ECF 52) is **GRANTED**. The Court will consider Kenney's November 26, 2025 objection.

Kenney is an inmate at Dooly State Prison ("DSP") who was allegedly attacked by his cellmate on January 30, 2023. ECF 23 at 1, 5. Kenney alleges that Kitchens intentionally placed Kenney's attacker in his cell to facilitate the assault. *Id.* Kitchens has moved for judgment on the pleadings for failure to exhaust, and the Magistrate Judge recommends granting that motion. ECF 43; 48 at 1. Kenney has two objections. ECF 51.

First, Kenney contends "the Prison Litigation Reform Act is an [unconstitutionally] contrived device designed to further deprive those presently incarcerated from being able to get justice …." ECF 51 at 1. However, "[r]equiring that reasonable procedures be followed is not tantamount to barring claims from being presented, as is evident from the fact that the Supreme Court has enforced the PLRA's exhaustion requirement." *Mason v. Bridger*, 261 F. App'x 225, 230 (11th Cir. 2008) (citing *Woodford v. NGO*, 548 U.S. 81, 91 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).[3]

Second, Kenney argues his administrative remedies were unavailable due to his feared retaliation by DSP administration. ECF 51 at 1. Kenney contends that there were gang activities and murders for which he believed the administration was responsible. *Id.* at 2. He also believed the administration, particularly Kitchens, was responsible for the assault that gave rise to his claims. *Id.* Thus, Kenney states he believed if he reported the assault, he would "make himself even more of a target." *Id.* at 2.

---

[3] Kenney also argues the PLRA applies only to corporations pursuant to a "presumed legally valid contract." ECF 51 at 1. Kenney contends he rescinded any contracts with the government and, thus, the PLRA is unenforceable against him. *Id.* Kenney provides no legal support for this argument. *See Williams v. Georgia*, 2022 WL 568338, at *2-3 (M.D. Ga. Feb. 24, 2022) (explaining that courts routinely reject arguments that the government "cannot foist any agreement upon" a party because they have no contract with the government).

The PLRA's exhaustion requirement is excused if a remedy is unavailable. *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1354-55 (11th Cir. 2020). There are only three circumstances under which an administrative remedy is unavailable: (1) "when the procedure operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) "when the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'"; and (3) "when prison administrators thwart inmates from taking full advantage of a grievance process through machination, misrepresentation, or intimidation." *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). Kenney's unavailability argument falls within the third category. ECF 51 at 1-2. Once a defendant shows a remedy is generally available, the burden shifts to the plaintiff to demonstrate that the grievance procedurally was "subjectively and objectively unavailable to him." *Geter*, 974 F.3d at 1356.

Here, Kenney has not met his burden to demonstrate that his fear of retaliation "actually did deter" him from pursuing his administrative remedies for this claim because he filed several grievances both before and after his alleged assault. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Kenney filed four grievances in January and February 2023, both before and after his alleged assault. ECF 42-2 ¶¶ 12-15. On February 7, 2023, Kenney filed a grievance alleging he was robbed by prison administration while he was hospitalized for the assault that gave rise to this claim. ECF 42-7 at 2. As a result of that grievance, Kenney received reimbursement for some of his allegedly stolen items. *Id.* at 7. Additionally, in a February 23, 2023 appeal of an earlier grievance, Kenney complained of inadequate medical care related to the injuries he

sustained during the January 30, 2023 attack. ECF 42-6 at 2-3. In that appeal, Kenney alleged that he was attacked "by a young addict [and] gang member the administration put in [his] room." *Id.* at 3. Kenney promptly received a response to his February 2023 appeal. *Id.* at 1. Thus, Kenney has failed to demonstrate that fear of retaliation actually deterred him from pursuing administrative remedies. *See Pavao v. Sims*, 679 F. App'x 819, 826 (11th Cir. 2017) (ruling that administrative remedies were available when "the record [was] clear that any retaliation or threats of retaliation did not deter [the plaintiff] from continuing to file grievances"); *Hill v. Berry*, 2023 WL 2347436, at *2 (M.D. Ga. March 3, 2023) ("Rather, the record supports that the grievance process was available to Hill because he was able to file four grievances and each of these grievances received replies.").

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 48) is **ADOPTED** and made the Order of the Court. Defendant Kitchen's motion for judgment on the pleadings (ECF 42) is **GRANTED**.

**SO ORDERED**, this 19th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT