**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **WALTER LAWRENCE KENNEY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:23-CV-509 (MTT)** |
| ) | |
| **Officer KITCHENS,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

On October 24, 2025, Magistrate Judge Charles H. Weigle recommended granting the Defendant's motion for judgment on the pleadings because Plaintiff Walter Lawrence Kenney failed to exhaust his administrative remedies before filing this lawsuit. ECF 48. The Court has twice reviewed the Magistrate Judge's Recommendation. First, on November 26, 2025, receiving no objection, the Court reviewed the Recommendation for clear error and adopted it. ECF 50. However, after judgment was entered, the Court received a motion for an extension and an objection from Kenney, both of which were dated before the Court's November 26, 2025 order.[1] ECF 51; 52. Thus, the Court vacated its prior order and conducted a second review of the Recommendation using a de novo standard of review. ECF 54. The Court again adopted the Recommendation on December 19, 2025. *Id.* Judgment was reentered that

---

[1] Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

same day. ECF 55. On December 22, 2025, Kenney moved for reconsideration. ECF 56. On February 13, 2026, Kenney moved for the appointment of counsel. ECF 58. For the following reasons, Kenney's motion for reconsideration (ECF 56) and his motion to appoint counsel (ECF 58) are **DENIED**.

## I. MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

First, Kenney's motion for reconsideration is moot. Kenney requests reconsideration of the Court's November 26, 2025 order adopting the Recommendation entered. ECF 56 at 1. But that order was vacated on December 19, 2025, after the Court received Kenney's objection.[2] ECF 54.

To the extent Kenney's arguments for reconsideration are relevant to the Court's December 19, 2025 order, Kenney has failed to demonstrate a change in the law, the

---

[2] Kenney's motion for reconsideration is dated December 10, 2025 and, thus, was filed before the Court vacated its first order adopting the Recommendation. ECF 56 at 4.

discovery of new evidence, or a clear error of law. Kenney argues that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement is unconstitutional, that the PLRA's exhaustion requirement does not apply to him, and that he is subject to inhumane conditions in prison. ECF 56 at 2-4. The Court has already addressed Kenney's arguments that the PLRA's exhaustion requirements are unconstitutional and that they do not apply to him. *See* ECF 54 at 2, n.3. Not only are those arguments meritless, but they are not properly re-raised in a motion for reconsideration. *McCoy*, 966 F. Supp. at 1222-23. Moreover, Kenney's allegations of inhumane conditions, including newly alleged discrimination, cannot overcome his failure to exhaust. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title … by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted.").

Accordingly, Kenny's motion for reconsideration (ECF 56) is **DENIED**.

## II. MOTION TO APPOINT COUNSEL

Next, Kenney moves for the appointment of counsel. ECF 58. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* Here, Judgment has already been entered, and no complex legal issues remain. Thus, exceptional circumstances for the appointment of counsel do not exist.

-4-

Accordingly, Kenney's motion to appoint counsel (ECF 58) is **DENIED**.

**SO ORDERED**, this 3rd day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT